IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS G. DYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> COMPASS MINERALS INTERNATIONAL, INC., ) <br> **Serve Registered Agent:** ) <br>    National Registered Agents, Inc., of KS ) <br>    112 S.W. 7th Street, Suite 3C ) <br>    Topeka, KS 66603 ) <br> ) <br> and ) <br> ) <br> COMPASS MINERALS AMERICA, INC., ) <br> **Serve Registered Agent:** ) <br>    National Registered Agents, Inc., of KS ) <br>    112 S.W. 7th Street, Suite 3C ) <br>    Topeka, KS 66603 ) <br> ) <br> Defendants. ) | Case No.: 2:21-cv-02409 |

## **COMPLAINT**

COMES NOW Plaintiff Douglas G. Dyer, by and through counsel, and for his causes of action against Defendants Compass Minerals International, Inc. and Compass Minerals of America, Inc., (defendants hereafter at times referred to collectively as "Compass Minerals"), for employment discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) (1) ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), states and alleges as follows:

## PARTIES

1. Plaintiff is an individual residing at 16167 Linden Street, Overland Park, Johnson County, Kansas, and he was employed including in his final position as a Sales Manager by Defendants beginning in or about November 1993 until his termination from employment on or about April 30, 2020.  Plaintiff was born in 1963 and is presently 58 years old.

2. Defendant Compass Minerals International, Inc. is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and doing business in the State of Kansas by and through its subsidiary, Compass Minerals America, Inc., with its principal place of business located at 9900 West 109th Street, Suite 100, Overland Park, Johnson County, Kansas.

3. Defendant Compass Minerals America, Inc. is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and doing business in the State of Kansas with its principal place of business located at 9900 West 109th Street, Suite 100, Overland Park, Johnson County, Kansas.

4. At all relevant times, Defendants were "employers" jointly and severally of Plaintiff within the meaning of the ADEA, the ADAAA, Title VII, and §1981 and Defendants individually and collectively were engaged in an industry affecting commerce and individually and/or collectively employed more than 500 persons during each week of each calendar year from January 1, 2018 to the present.

5. All of the acts, conduct and omissions of Defendants were performed by their agents, representatives and employees while in the course and scope of their agency or employment.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) (1) ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981").

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the district including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendants.

**FACTUAL ALLEGATIONS**

8. Plaintiff was employed by Defendants for over 26 years beginning in or about November 1993 until his wrongful termination on or about April 30, 2020 from his final position as Sales Manager.

9. Defendants are engaged in an industry affecting commerce and they have individually and/or jointly employed 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. At all times herein mentioned, Plaintiff was an "employee" of Defendants within the meaning of the ADEA, the ADAAA, Title VII and Section1981, and he is entitled to all the benefits and protections of those laws.

11. Throughout his employment with Defendants, Plaintiff was subject to the control of Defendants as to the means and manner of accomplishing his work as an employee.

12. Defendants individually and/or jointly were "employer(s)" of Plaintiff within the meaning of the ADEA, the ADAAA, Title VII and Section 1981.

13. Pleading in the alternative, Defendants operated collectively as a single integrated enterprise as the employer of Plaintiff.

14. Defendants operate their businesses in a joint and integrated manner such that they effectively are joint employers or an integrated enterprise.

15. On information and belief Defendants share management services such as check writing, personnel forms, policy manuals and filing of business reports with applicable state and federal agencies.

16. On information and belief Defendants share payroll and insurance programs; they share the services of certain managers and personnel; they share office space, equipment and storage; they share certain officers and/or directors, and effectively they operate as a single unit.

17. On information and belief Defendants have centralized control of labor relations in terms of centralized authority over labor and personnel policies, centralized legal management of labor and personnel issues, joint maintenance of personnel records and policies, and intra-organization transfers and promotions of personnel are common between and among Defendants.

18. Defendants share common ownership and financial control in that they share certain officers and directors and Defendants jointly control their finances, operations, policies and procedures.

19. Throughout his over 26 years of employment with Defendants, Plaintiff performed all duties of his job as required, exceeded the expectations of his positions, and received promotions, praise, bonuses, raises, awards and excellent reviews for his work.

20. Plaintiff is a 58-year-old male and he suffers from diagnosed medical conditions from childhood originating Neurofibromatosis, leading to multiple surgeries and related permanent impairments including an artificial right eye, a right leg amputation and prosthesis below the knee with substantial leg and mobility limitations, and other or related impairments that qualify for protection as disabilities under the ADAAA.

21. Despite his medical conditions, Plaintiff was able to perform the essential functions of his position with Defendants, either with or without reasonable accommodations.

22. Over the last approximately year and a half of his employment with Defendants, Plaintiff experienced an increasingly hostile work environment and a pattern and practice of age and disability discrimination in the terms and conditions of his employment by Defendants' managers including his new direct supervisor.

23. Defendants' harassment and discrimination included false negative performance criticisms and repeated questions about when Plaintiff planned to retire, as well as various ongoing negative and biased statements and inferences about his age and disability.

24. Plaintiff also witnessed improper racially biased comments towards an African American co-worker and he reported his concerns about this illegal discriminatory and harassing conduct.

25. Then in a meeting with Defendants' managers on January 31, 2020, Plaintiff was told that Defendants might terminate his employment by the end of March. However, Plaintiff was encouraged to apply for other positions in the company, even though his Sales Manager position was not being eliminated.

26. Following notice that Defendants might terminate Plaintiff if he did not obtain another position, Plaintiff made further complaints about the discrimination he was experiencing,

5

and he applied for and/or expressed his interest in remaining in his Sales Manager job or in moving to other open positions in the company including Director of Customer Service and Supply Chain Analyst.

27. However, Plaintiff was not offered any of the other open positions.

28. Plaintiff then learned that a much younger, non-disabled and less qualified employee had been selected to take over his Sales Manager position, although the sales territory had been reduced significantly so the much younger employee would have an easier job and fewer duties than Plaintiff had been successfully performing.

29. Defendants even asked Plaintiff to assist in training his younger, non-disabled, less qualified replacement, and it was obvious that he was much less qualified and experienced than Plaintiff was for the Sales Manager role.

30. Nevertheless, in spite of Plaintiff's complaints and requests for equal treatment he was terminated by Defendants effective April 30, 2020.

31. Plaintiff's treatment is representative of the type of discrimination that Compass Minerals engages in against older and/or disabled employees in favor of younger and/or non-disabled, less qualified employees.

32. The true reasons for the adverse employment actions against Plaintiff, including but not limited to a hostile work environment, false performance criticisms, a failure to transfer or hire Plaintiff for other open positions for which he was qualified, his termination, and/or other disparate treatment in the terms and conditions of his employment were illegal age, and/or disability discrimination, and/or retaliation for his complaints about illegal discrimination.

33. During the course of his employment with Defendants, Plaintiff met all qualifications for the position that he held with Defendants.

6

34. Plaintiff was illegally terminated from his employment with Defendants on or about April 30, 2020.

35. On May 18, 2020, Plaintiff filed a timely charge alleging age and disability discrimination, and retaliation violations against Defendants with the Equal Employment Opportunity Commission ("EEOC"). (Attached as Exhibit A.)

36. On or about June 25, 2021, the EEOC mailed a Notice of Right to Sue to Plaintiff. (Attached as Exhibit B.)

37. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

38. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

39. Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 above.

40. Plaintiff's age was a determining factor in Defendants' intentional decision to discriminate against him in the terms and conditions of his employment, including, but not limited to, by subjecting him to hostile and discriminatory comments and actions, false performance criticisms, a failure to transfer or hire him for other open positions for which he was qualified, including Director of Customer Service and Supply Chain Analyst, and by terminating his employment with Defendants for false reasons.

41. The Defendants manifested their illegal age bias through age biased comments and actions, a hostile work environment, false performance criticisms, failure to promote, transfer or hire, and by their termination of Plaintiff for false alleged reasons, while similarly

situated, substantially younger employees were treated more favorably and not subjected to the same type of hostile and discriminatory comments and actions, failures to promote or transfer, false performance criticisms, and a wrongful termination.

42. Defendants instead hired, promoted, and retained substantially younger, less-qualified employees, all while articulating false reasons for the adverse job actions against Plaintiff.

43. Defendants subjected Plaintiff to illegal age-biased actions, including as set forth above and herein, and by refusing to hire or retain Plaintiff for positions he sought and by terminating Plaintiff's employment based on false, pretextual reasons.

44. Defendants treated similarly situated, substantially younger and less-qualified employees and applicants better than Plaintiff in the terms and conditions of their employment.

45. Plaintiff was replaced and/or his job duties were assumed by less-qualified, substantially younger, non-disabled employees and substantially younger, non-disabled, less-qualified persons were hired for the positions Plaintiff was seeking including but not limited to Director of Customer Service and Supply Chain Analyst.

46. The discriminatory actions of Defendants detrimentally affected Plaintiff in the terms and conditions of his employment with Defendants.

47. Defendants knew, or should have known, of the age discrimination against their employees, including Plaintiff.

48. Defendants failed to take prompt and appropriate corrective action to end the age discrimination against their employees, including Plaintiff.

49. Defendants failed to make good faith efforts to enforce their policies to prevent age discrimination against their employees, including Plaintiff.

50. Defendants conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

51. As a direct result of Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, on Count I, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (ADEA)

52. Plaintiff incorporates by reference the allegations of paragraphs 1 through 51 above.

53. Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including disparate treatment by Defendants in the terms and conditions of his employment compared with similarly situated, substantially younger employees, and he reported the same to Defendants.

54. Defendants retaliated against Plaintiff because of his opposition to unlawful discriminatory employment practices including by subjecting him to age biased comments and actions, a hostile work environment, false performance criticisms, failure to promote, transfer or

9

hire, including for the positions of Director of Customer Service and Supply Chain Analyst, and by their termination of Plaintiff for false, pre-textual reasons.

55. Plaintiff's opposition to unlawful discriminatory employment practices was a determining factor in Defendants' decision to subject him to adverse employment actions including those actions set forth above and herein and including the termination of his employment.

56. Defendants' conduct was willful and/or outrageous as they intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of liquidated damages.

57. As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, on Count II, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, and any such other relief as the Court deems just and proper.

## **COUNT III – DISABILITY DISCRIMINATION**

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through 57 above.

59. The Defendants intentionally discriminated against Plaintiff on the basis of his disability, his record of a disability, or because they regarded him as disabled in the terms and conditions of his employment, including, but not limited to, by creating a hostile work environment and subjecting him to disability biased comments and actions, and including but not limited to, by subjecting him to adverse job actions including false performance criticisms, failure to promote, transfer or hire for open positions including Director of Customer Service and Supply Chain Analyst, and by their termination of Plaintiff for false, pre-textual reasons.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of that term as utilized in the ADAAA, either as an individual with a physical impairment caused by his diagnosed medical conditions from childhood originating Neurofibromatosis, leading to multiple surgeries and related permanent impairments including an artificial right eye, a right leg amputation and prosthesis below the knee and substantial leg and mobility limitations and other or related impairments, who nonetheless can perform all of the essential functions of his job with or without accommodations, or because he has a record of such an impairment, or because Defendants regarded him as having such an impairment.

61. The Defendants discriminated against Plaintiff on the basis of his disability by (a) not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability; (b) denying employment opportunities, including refusal to promote or transfer Plaintiff to available open positions including Director of Customer Service and Supply Chain Analyst, and thereafter terminating an employee who is an otherwise qualified individual with a disability; (c) subjecting a qualified individual with a disability to different terms, conditions and privileges of employment than the terms, conditions and privileges available to non-disabled employees, including but not limited to false performance criticisms

and a hostile work environment; and (d) refusing to accommodate and otherwise interfering with an individual in his exercise of rights under federal law prohibiting discrimination on the basis of a qualified disability, thereby violating the ADAAA.

62. Defendants' illegal treatment of Plaintiff as set forth above and herein was motivated by his actual or perceived impairments based on his diagnosed medically disabling condition Neurofibromatosis, an artificial eye, right leg amputation and prosthesis, and substantial leg and mobility limitations, and Plaintiff's medical impairments are not both transitory and minor.

63. Plaintiff was able to perform the essential functions of his position as Sales Manager and other open positions he was seeking with Defendants, including Director of Customer Service and Supply Chain Analyst, throughout his employment and at the time of his termination, either with or without reasonable accommodations.

64. Defendants' beliefs regarding Plaintiff's diagnosed medical conditions and impairments as set forth herein were a motivating factor in Defendants adverse treatment of Plaintiff including, but not limited to, by subjecting him to hostile and discriminatory comments and actions, false performance criticisms, a failure to transfer or hire him to other open positions for which he was qualified, including Director of Customer Service and Supply Chain Analyst, and including Defendants' decision to terminate his employment.

65. Defendants were aware of Plaintiff's medical impairments.

66. Defendants failed to engage in the interactive process and failed to discuss or provide reasonable accommodations to address Plaintiff's medical impairments, assuming such impairments qualify as disabilities under the ADAAA.

67. As a direct and proximate result of the continuing pattern and practice of discrimination directed toward him or disparate treatment of him and of the Defendants' termination of him, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to his reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

68. The Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendants and to deter the Defendants from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, on Count III, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, and any such other relief as the Court deems just and proper.

## COUNT IV – ADAAA RETALIATION

69. Plaintiff incorporates by reference the allegations of paragraphs 1 through 68 above.

70. Plaintiff had a good faith, reasonable belief that he was being subjected to

13

unlawful employment practices including disparate treatment by Defendants in the terms and conditions of his employment compared with similarly situated, non-disabled employees, and he reported the same to Defendants.

71. Defendants retaliated against Plaintiff because of his opposition to unlawful discriminatory employment practices and/or because of his protected actions in requesting reasonable accommodations for a qualified disability, including but not limited to, by refusing to provide reasonable accommodations, by subjecting him to disability biased comments and actions, a hostile work environment, false performance criticisms, failure to promote, transfer or hire, including for the positions of Director of Customer Service and Supply Chain Analyst, and by their termination of Plaintiff for false, pre-textual reasons.

72. Plaintiff's opposition to the Defendants' unlawful employment practices, and/or his requests for reasonable accommodation were a motivating factor in the Defendants' decision to retaliate against him in the terms and conditions of his employment.

73. As a direct and proximate result of the Defendants' continuing pattern and practice of illegal retaliation directed toward him or disparate treatment of him and of the Defendants' termination of him, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to his reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

74. The Defendants failed to make good faith efforts to enforce their policies to prevent discrimination and retaliation against their employees, including Plaintiff.

75. The Defendants' retaliatory conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADAAA, thus justifying an award of punitive damages in an amount sufficient to punish the Defendants and to deter them from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally, on Count IV, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, and any such other relief as the Court deems just and proper.

## COUNT V – RETALIATION (SECTION 1981 AND TITLE VII)

76. Plaintiff incorporates by reference the allegations of paragraphs 1 through 75 above.

77. Plaintiff had a good faith, reasonable belief that the Defendants were engaged in unlawful employment practices and violations of federal employment and civil rights as set forth above, including race discrimination and race harassment in the form of racist slurs and comments against one of his African American co-workers and he reported the same to Defendants.

78. The Defendants retaliated against Plaintiff because of his opposition to unlawful employment practices and his opposition to the violations of the federal employment and civil rights of Defendants' employees including his African American co-worker, by adversely

impacting the terms and conditions of his employment, including, but not limited to, by subjecting him to hostile and discriminatory comments and actions, false performance criticisms, a failure to transfer or hire him for other open positions for which he was qualified, including Director of Customer Service and Supply Chain Analyst, and by terminating his employment with Defendants for false reasons.

79. Defendants instead hired, transferred, promoted and retained less-qualified employees who had not opposed violations of federal employment and civil rights, all while articulating false reasons for the adverse job actions against Plaintiff.

80. Plaintiff's opposition to the Defendants' unlawful employment practices and violations of federal civil rights was a motivating and/or but for causal factor in the Defendants' decision to retaliate against him in the terms and conditions of his employment, including but not limited to the continuation of a hostile work environment, false performance criticisms, the refusal to hire, transfer or promote plaintiff for open positions he sought, the termination of Plaintiff's employment and the other adverse job actions set forth above and incorporated herein.

81. The Defendants' conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Section 1981 and Title VII, and is sufficiently culpable to warrant an award of punitive damages.

82. As a direct result of the Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally on Count V, and requests an award of his actual damages, including but not

limited to his lost wages and benefits, with interest through the date of trial and thereafter, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Eric W. Smith
| | |
|---|---|
| Eric W. Smith | KS #16539 |
| Rik N. Siro | KS FED #77812 |
| Athena M. Dickson | KS #21533 |
| Raymond A. Dake | KS FED #78448 |
| Ryan P. McEnaney | MO #70235 |

1621 Baltimore Avenue
Kansas City, Missouri  64108
816.471.4881 (Tel)
816.471.4883 (Fax)
esmith@sirosmithdickson.com (email)
rsiro@sirosmithdickson.com (email)
adickson@sirosmithdickson.com (email)
rdake@sirosmithdickson.com (email)
rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**